UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SHEET METAL WORKERS' )
NATIONAL PENSION FUND, )
)
Plaintiff, )
)
   v. ) Civil Action No. 1:10cv619
)
)
W.G. Heating, LLC, et al. )
)
Defendants. )

REPORT AND RECOMMENDATION

This matter came before the Court for a hearing on September 17, 2010 on plaintiff's Motion for Entry of Default Judgment against defendants W.G. Heating, LLC ("W.G. LLC") and Winchester Land, LLC (collectively, "defendants").

I. INTRODUCTION

**A. Background**

Plaintiff Sheet Metal Workers' National Pension Fund ("NPF"), is a collective of employee benefit trust funds, multi-employer plans, and employee benefit plans established and maintained under 29 U.S.C. § 186(c) and 29 U.S.C. § 1002(37). Plaintiff filed this action under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended. W.G. Inc. was a signatory and bound by a

Collective Bargaining Agreement with Local Union No. 80, under which it was required to make contributions to the Fund on behalf of its employees who were covered by the Agreement, as well as to abide by the terms of the Trust Agreement. (Compl. ¶ 14). Plaintiff alleges that on May 1, 2006, W.G. Inc. effectuated "complete withdrawal" from the Fund according to § 4203 of ERISA, 29 U.S.C. § 1383. (Compl. ¶15). On April 18, 2008, plaintiff brought suit against W.G. Inc. in the United States District Court for the Eastern District of Virginia. The court awarded judgment against W.G. Inc, which subsequently filed for bankruptcy. (Memo. Supp. Default. J. at 4). Plaintiff contends it has not received payments from W.G. Inc. (Memo. Supp. Default. J.).

Here, Plaintiff seeks judgement, not against W.G. Inc, but against W.G. LLC and Westchester Land. Plaintiff contends that defendant W.G. LLC is the alter ego of W.G. Inc because the two have common ownership, management, equipment, and operation. (Supp. Naji Decl. ¶¶3-19); *Tr. Of the Nat'l Automatic Sprinkler Indus. Pension Fund v. Budget Plumbing Corp.*, 111 F. Supp. 2d 716, 720-21 (D. Md. 2000)(finding of alter-ego liability). Plaintiff also alleges that defendant Winchester Land is a business under common control of W.G. Inc. under ERISA §4000(b)(l), which provides that all businesses under common control shall be treated as a single employer under ERISA. (Compl. ¶¶38-39).

Plaintiff seeks a judgment against W.G. LLC pursuant to § 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and against Winchester Land pursuant to ERISA § 4001(b)(l), 29 U.S.C. §1301(b)(l); §§ 502(g)(2) and 515 of ERISA, 29 U.S.C. § 1132(g)(2) and 1145, awarding withdrawal liability, interest, liquidated damages, attorneys' fees, and costs as a result of the W.G. Inc.'s withdrawal from the Fund in violation of § 515 of ERISA, 29 U.S.C. § 1145. (Compl. ¶¶1-6; 33). Plaintiff moves this Court for a judgment holding W.G. LLC and Winchester Land jointly and severally liable. *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 120 (4th Cir. 1991)(recognizing joint and several liability for commonly controlled group members under ERISA's withdrawal liability provision).

### B. Jurisdiction and Venue

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c). Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). The plaintiff fund bringing this action maintains its principal place of business and is administered in this district. (Compl. ¶ 2.) This Court has personal jurisdiction over defendant W.G. Inc. under the decision in Board

3

of Trustees, Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.</u>, 964 F. Supp. 1040, 1045 (E.D. Va. 1997). Defendant W.G. Inc. did business with plaintiff fund that is sufficient to create personal jurisdiction over defendant in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district. Also, plaintiff submits an alter-ego theory of liability, which provides a basis for federal subject matter jurisdiction in ERISA cases. *C.F. Trust, Inc. v. First Flight Ltd. Partnership*, 306 F.3d 126,133 (4th Cir. 2002)(a federal court may take jurisdiction over a post-judgment alter-ego claim where an independent basis for jurisdiction exists); *Trustees of Sheet Metal Workers Local No. 1 Welfare Trust v. Pekin Climate Control*, 669 F. Supp. 2d 924 (C.D.Ill. 2009)(relying on *Board of Trustees, Sheet Metal Worker's National Pension Fund v. Elite Erectors*, 212 F.3d 1031,1037-38 (7th Cir. 2000)(holding that ERISA provides federal subject-matter jurisdiction, and allows plan trustees to establish personal jurisdiction in E.D. Va. over defendants alleged to be alter egos of an affiliated corporation that owed money to the plan regardless of any "contacts" with Virginia).

**C. Service of Process**

Process was served on both defendants, W.G. LLC and Winchester Land, on June 21, 2010 by hand-delivering copies of the Summons and Complaint to William J. Georges at 14202 Industrial Center Drive, Shelby Township, MI 48315. (Dkt. 4,5).

4

**D. Grounds for Default**

Defendants have failed to appear, answer, or file any other responsive pleadings in this matter. (Motion D. J. at ¶3 ). On July 16, 2010, plaintiff filed a Request for Entry of Default with the Clerk's office. (Dkt. 6). The Clerk entered default as to defendant on July 19, 2010. (Dkt. 7). On September 9, 2010, plaintiff filed a Motion for Default Judgment and the hearing was conducted on September 17th. (Dkt. 10, 15). After defendants failed to appear at the September 17th hearing, the undersigned Magistrate Judge took the case under advisement to issue this Report and Recommendation.

## II. FACTUAL FINDINGS

Based on the Complaint; the Declaration of Alex Dyer, the withdrawal specialist of NPF ("Dyer Decl.", Dkt. 12); the Declaration of Marc H. Rifkind, Esquire, plaintiff's counsel ("Rifkind Decl."); and the documents submitted in proof of damages, the undersigned Magistrate Judge makes the following findings of fact.[1]

---

[1] Documents submitted in proof of damages include plaintiff's Motion for Default Judgment ("Mot. for Default J.") and Memorandum in Support of Motion for Default Judgment ("Mem. Supp. Default J."), which includes several exhibits. Upon the Court's request, plaintiff's counsel submitted Supplemental Declaration of Sarah G. Naji in Support of Plaintiff's Motion for Default Judgment ("Supp. Naji Decl."), which includes the transcript of Mr. William J. Georges' testimony before the United States Bankruptcy Court for the Eastern District of Michigan

Plaintiff is an employee trust fund, and brings this action under Sections 502(g)(2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145. (Mot. for Default J. at 1). At all times pertinent to this action, W.G. Inc. and defendants were employers engaged in an industry affecting interstate commerce according to 29 U.S.C. §152(2) and 29 U.S.C. § 1002(5); §1002(11); §1002(12). (Mot. Default. J. at 2). W.G. Inc. was bound by the terms of the collective bargaining agreement it entered with Local Union No. 80. On May 1, 2006, W.G. Inc. permanently withdrew from the Fund, thereby effectuating a "complete withdrawal" under Section 4203 of ERISA, 29 U.S.C. § 1383. (Memo. Supp. Default J. at 3; Dyer Dec. ¶7).

Plaintiff seeks to collect withdraw liability from W.G. LLC and Winchester Land arising from W.G. Inc's withdrawal from the Fund, as well as liquidated damages, attorneys' fees, and costs due under the terms of the Collective Bargaining Agreement, Trust Agreement, and the Rules and Regulations for the Funds governing the relationship between Superior and the plaintiff. The Agreements were approved on plaintiff's behalf by Sheet Metal Workers' International Association Local Union No. 80. (Dyer Decl. ¶ 13; Rifkind Decl. ¶5-6)

Plaintiff seeks an order holding defendants jointly and severally liable and requiring defendants to pay: (1) W.G. Inc.'s

---

Southern Division ("Georges Trans").

withdrawal liability in the amount of $157,112.38; (2) all interest on the unpaid withdrawal liability, accrued from the due date through September 17, 2010, in the amount of $48,864.81; (3) a second calculation of interest to account for liquidated damages, $48,864.81; and (4) reasonable attorneys' fees and costs in bringing this action, as well as any additional fees and costs incurred in the execution of any judgment awarded, $7,22.99. (Mot. Default J. at 1 ; Dyer Decl. ¶12; Rifkind Decl. ¶5).

The Agreements and Section 515 of ERISA, 29 U.S.C. § 1145 provide the basis for defendants withdrawal liability, and require defendants to make payments according to a payment schedule. (Mem. Supp. Default J. 4-5; Dyer Decl. ¶12.) Moreover, under in the Agreements, defendants incur the obligation to pay interest on delinquent withdrawal liability, as well as liquidated damages equal to the greater of interest or twenty percent of the entire liability. (Memo. Supp. Default J. at 5; Dyer Decl. ¶13).

In violation of the Agreements, on May 1, 2006, W.G. Inc. withdrew from the Fund without paying its withdrawal obligation . (Compl. ¶15; Dyer Decl. ¶7). Plaintiff has not received payment for any of W.G. Inc.'s withdrawal liability. (Comp. ¶¶33,45).

Defendants are liable for W.G. Inc.'s withdrawal because W.G. LLC is an alter ego of W.G. Inc, and Winchester Land is under its common control. (Supp. Naji Decl. ¶¶3,19). As Mr.

Williams testified, Mr. Georges owned both W.G. Inc. and W.G. LLC, and the entities had substantially identical management, employees, customers, supervision, business purpose, equipment, and operations. (Supp. Naji Decl. ¶4-11; Georges Trans. 3:18-23; 4:20-23; 5:1-2; 10:19-22; 11:12-22; 22:6-23; 23:1). As to Winchester Land, Mr. Georges testified that he controls and owns seventy (70) percent of it. Mr. Georges' father owns the remaining percentage. (Supp. Naji Decl. ¶¶ 12-19; Georges Trans. 19:5-23; 20:1; 40:20-23; 41:1-5). Therefore, Winchester Land is a business under the common control of W.G. Inc.

Pursuant to the Agreements and § 502(g)(2) of ERISA,[2] plaintiff is entitled to recover from W.G. LLC and Winchester Land: (1) the full amount of unpaid withdrawal liability; (2) interest on withdrawal liability;[3] (3) liquidated damages for contributions which were paid late or remain unpaid;[4] and (4) reasonable attorneys' fees and the costs of this action.

The accrued interest on delinquent withdrawal contributions calculated through September 17, 2010, and liquidated damages on

---

[2] 29 U.S.C. § 1132(g)(2).

[3] For the National Funds, interest on withdrawal liability is calculated at the rate prescribed under the National Funds' governing documents, .0233 percent daily (Mot. Default J. 1.)

[4] For the National Funds, liquidated damages are assessed in an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions. (Compl. ¶ 20(b).)

unpaid and delinquent contributions for each of the Funds are summarized as follows:

| Fund | Payments Due | Interest | Liq. Dam. | Total |
|---|---|---|---|---|
| NPF | $157,112.38 | $48,864.81 | $48,864.81 | $254,842.00 |
| TOTAL | $157,112.38 | $48,864.81 | $48,864.81 | $254,842.00 |

(Mem. Supp. Default J. at 5; Dyer Decl. ¶13)

Finally, plaintiff seeks $6,366.50 in attorneys' fees and $856.49 in costs. (Rifkind Dec. ¶2). The total requested is $262,064.99. The undersigned Magistrate Judge finds the requested costs and fees to be reasonable.

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of judgment against defendants W.G. LLC and Winchester Land jointly and severally, having concluded that the Sheet Metal Workers' National Pension Fund ("NPF") is entitled to recover the following: $157,112.38 in withdrawal liability; $48,864.81 in accrued interest through September 17, 2010; $48,864.81 in liquidated damages; and $7,22.99 in reasonable attorneys' fees and costs. Thus, the recommended award total is $262,064.99.

If further action is required to enforce and collect this judgment, plaintiff may apply to this Court or to the court in which enforcement is sought for further reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## IV. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. A failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendants at the following addresses:

W.G. Heating LLC
c/o William J. Georges
14202 Industrial Center Drive
Shelby Township, MI 48315

Winchester Land
c/o William J. Georges
14202 Industrial Center Drive
Shelby Township, MI 48315

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

November 4, 2010
Alexandria, Virginia